UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

    v.        Criminal No. 04-10288-RWZ

MATTHEW CREAM

### MATTHEW CREAM'S MOTION TO STRIKE GOVERNMENT'S OJECTIONS AND TO PRECLUDE GOVERNMENT FROM PRESENTING EVIDENCE AT SENTENCING HEARING

NOW COMES Matthew Cream, by and through counsel, and respectfully moves this Honorable Court to strike any and all objections filed by the government in response to the Presentence Report prepared by probation in the above-captioned matter. The defendant further moves this Honorable Court to preclude the government from presenting evidence beyond the original Presentence Report as prepared through March 20, 2006, including but not limited to the testimony of co-defendant and cooperating witness Joseph Baldassano.

MOTION TO STRIKE OBJECTIONS

Matthew Cream's Presentence Report was prepared by Probation on March 6, 2006. Pursuant to Fed.R.Crim.P. 32(f)(1), "Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentence guideline ranges, and policy statements contained in or omitted from the report." Accordingly, and all objections to the Presentence Report were due from both parties, in writing, by March 20, 2006. On or about March 21, 2006, counsel was informed by probation that no objections had been received by the government, and that with respect to the government's position, the report was complete.

On April 19, 2006, counsel first received a copy of the Addendum and Revised Presentence Report by the Probation Office, dated April 18, 2006 (hereinafter referred to as "Revised Report").  When reviewing the Revised Report, counsel learned <u>for the first time</u>, that the government had submitted an objection.  Pursuant to Fed.R.Crim.P. 32(f)(2), "An objecting party <u>must</u> provide a copy of its objections to the opposing party."  At no time prior to reading the Revised Report did counsel ever receive a copy of any objections from the government as required pursuant to Fed.R.Crim.P. 32(f) (1) and (2).  The Revised Report indicates that the government's initial objection was not received by probation until April 10, 2006, <u>three weeks after the deadline</u> required under Fed.R.Crim.P. 32(f)(1).

On April 20, 2006, counsel received a Second Addendum to the Presentence Report which he had received the day before.  When reviewing the Second Addendum, counsel again learned <u>for the first time</u>, that the government had submitted additional objections.  As with the first objection, counsel never received a copy of these additional objections from the government as required pursuant to Fed.R.Crim.P. 32(f)(1) and (2). The Second Addendum indicates that the government's additional objections were not received by probation until April 18, 2006.   Accordingly, they were over three weeks past due under Fed.R.Crim.P. 32(f)(1).

When "the prosecution fail[s] to timely object to the Presentence Investigative report Report (PSI") within the confines of Fed.R.Crim.P. 32," . . . "the Government has waived its right to object to the PSI."  <u>United States v. Ventura-Cruel</u>, 133 F.Supp.2d 138, 139-140 (D.P.R. 2001).  Because the prosecution in this case failed to file timely objections pursuant to Fed.R.Crim.P. 32(f)(1) and failed to serve those objections

pursuant to Fed.R.Crim.P. 32(f)(2), the government has waived its right to object to the report. Id.  Accordingly, the government's objections to the Presentence Report should be stricken.

MOTION TO PRECLUDE EVIDENCE AT SENTENCING

Matthew Cream refers to and incorporates by reference all procedural information and arguments detailed above.  For the reasons detailed above, the government's objections to the Presentence Report should be deemed waived and stricken.

Pursuant to Fed. R. Crim. P. 32(i)(2), "the court may permit the parties to introduce evidence on the objections."  Without valid objections, there is no basis for the court to accept evidence.  Accordingly, the Court should preclude the government from introducing evidence at Matthew Cream's sentencing hearing, including but not limited to the testimony of cooperating witness Joseph Baldassano.

Given the absence of objections, the Presentence Report is undisputed by the government.  "At sentencing, the court [] may accept any undisputed portion of the presentence report as a finding of fact."  Fed. R. Crim. P. 32(i)(3).  The only disputed portion of the Presentence Report that remains is Matthew Cream's argument that his criminal history falls in Category I rather that II.  Accordingly, Matthew Cream asks that all other portions of the Presentence Report be accepted by the Court other than his criminal history category.

In further support of his motion to preclude evidence, the defendant states that the government's objections detailed in the Revised Report and Second Addendum provided counsel notice that Joseph Baldassano was cooperating with the government.  In this fashion and for the first time, counsel was notified that the government specifically

intended to present Joseph Baldassano to testify at Matthew Cream's sentencing hearing. In response, counsel immediately drafted a letter to the prosecutor demanding any and all information relevant to Mr. Baldassano's prior and potential testimony as a cooperating witness for impeachment purposes, as well as any other information relative to Mr. Cream that the government intended to introduce at the hearing, see Brady v. Maryland, 373 U.S. 83 (1963)[1], Fed.R.Crim.P. 32 (i)(2)(extending required disclosure of Jencks Act materials to sentencing) and Local Rule 116.2(B).[2]  This letter was delivered in-hand on April 21, 2006.  The government never responded to counsel's letter or produced any information, but instead filed a motion with the Court to continue Mr. Cream's sentencing hearing scheduled for April 25, 2006 at 2:00 p.m.

The need for prior statements, impeachment evidence and exculpatory evidence is especially important in cases where a witness's testimony is uncorroborated and essential to a conviction or enhanced sentence.  See United States v. Garcia-Torres, 341 F.3d 61, 71 (1st Cir.2003)(holding that wrongfully withholding impeachment evidence can merit new trial when witnesses testimony is essential and uncorroborated).  Here, the government seeks to introduce Mr. Baldassano's testimony solely in an attempt to enhance the quantity of drugs attributable to Matthew Cream.  All testimony relative to

---

[1] "Under Brady v. Maryland, 373 U.S. 83, 83 S.Ct 1194, 10 L.Ed2d 215 (1963), and its progeny, the government has a constitutional duty to disclose favorable evidence to the accused where such evidence is material either to guilt or punishment. United States v. Thompson, 349 F.Supp.2d 369, 373 (N.D.N.Y.2004).  "'This duty covers not only exculpatory material, but also information that could be used to impeach a key government witness.'" Id. (quoting United States v. Coppa 267 F.3d 132, 135 (2nd Cir.2001), citing Giglio v. United States, 405 U.S. 150, 154 (1972)).  Although, as a general rule, Brady and its progeny do not require immediate disclosure of all exculpatory and impeachment material, to comply with due process, disclosure must be made "'no later than the point at which a reasonable probability exists that the outcome would have been different if an earlier disclosure had been made." Id. at 374, quoting Coppa 267 F.3d at142.

[2] Under Local Rule 116.2(B) and Fed.R.Crim.P. 32 (i)(2), the disclosure of Jencks Act materials applies to sentencing hearings, and disclosure of Jencks materials are required to be made 21 days before trial/hearing.

any enhancement is uncorroborated.  Further, no information supporting a greater drug quantity was provided to the defendant prior to his guilty plea.  The only information available to Matthew Cream which formed the basis for his plea was the Presentence Report as it existed prior to the government's April submissions.  When the defendant pled guilty in March, he specifically accepted responsibility only for the 112 pills attributed to him in the Presentence Report at that time.  The government should be precluded form submitting evidence attempting to attribute greater quantities to him.

The district court has an "'independent duty . . . to ensure the fairness of criminal trials'" and related proceedings.  United States v. Walker, 234 F.3d 780, 788 (1st Cir.2000)(Torruella, C.J. dissenting and quoting United States v. Bosch, 584 F.2d 1113, 1124 (1st Cir. 1978).  In Walker, Judge Tourella notes that the majority of the court found that the district court "'declined to consider the requested enhancement because it felt the government had not played fair,' and that to find otherwise would require the district court to rule against its sense of fairness." Id.  The majority went on to hold that this was not an abuse of discretion.  Matthew Cream requests the same consideration by the court.

WHEREFORE, for the foregoing reasons, the defendant respectfully requests that the Court strike any and all objections filed by the government in response to the Presentence Report prepared by probation in the above-captioned matter, and further preclude the government from presenting evidence at his sentencing hearing including the testimony of Joseph Baldassano.

THE FOREGOING WHICH IS BASED ON COUNSEL'S PERSONAL KNOWLEDGE IS TRUE AND ACCURATE TO THE BEST OF HIS RECOLLECTION.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY.

                    Respectfully submitted,
                    Matthew Cream
                    By his Attorney,


                    /s/ *Bruce Linson*
                    Bruce Linson
                    BBO # 637413
                    Howe & Bainbridge Building
                    220 Commercial Street
                    Boston, MA  02109
                    (617) 371-0900

DATED:   April 24, 2006.

CERTIFICATE OF SERVICE

      I, Bruce Linson, hereby certify that I served a copy of the foregoing document on all parties of record in this matter via electronic filing on this the 24st day of April 2006, and specifically to:

David Tobin, Esq.
Assistant United States Attorney
John W. Moakley Courthouse
1 Courthouse Way, Suite 9200
Boston, MA  02210


      /s/  *Bruce Linson*
      Bruce Linson