```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )      CRIMINAL NO. 04-10288-RWZ
        v.                   )
                             )
MATTHEW CREAM,               )
        Defendant            )
                             )
```

### Government's Supplemental Sentencing Memorandum

The United States of America, by Michael J. Sullivan, United States Attorney, and Michael J. Pelgro, Assistant U.S. Attorney, hereby files this supplemental sentencing memorandum to aid the Court in its disposition of the above-captioned action.

In the government's sentencing memorandum filed with the Court on April 24, 2006, the government asserted that "the nature and circumstances of the offense" and the need for the sentence imposed "to protect the public from further crimes of the defendant" weighed heavily against the defendant in this case. This is so because the defendant was part of a widespread conspiracy to distribute high-purity and highly-addictive OxyContin pills on the North Shore. The government attaches herewith a sampling of recent newspaper articles documenting the epidemic of OxyContin abuse that has been ongoing in eastern Massachusetts for the past several years.

In his sentencing memorandum filed with the Court on April 20, 2006, the defendant asserts that the criminal case summarized in the PSR at ¶ 114 should not be scored for two reasons. First, the lead charge of breaking and entering in the night time was

broken down to trespass and the case was continued without a finding for one year. Supervision of the defendant, however, was terminated approximately 11 months after it began, i.e., approximately one month before it was scheduled to end. Thus, according to the defendant, the case should not be scored by reason of U.S.S.G. § 4A1.2 (c)(1), which excludes trespassing cases in which the term of probation was less than one year. This reasoning is faulty since under the Sentencing Guidelines, it is the sentence "imposed" rather than the sentence actually served that controls whether or not it is countable. *See* U.S.S.G. § 4A1.2(a).[1]

Second, another charge in that case – wanton destruction of property having a value over $250 – received the same disposition and is not excluded by § 4A1.2(c)(1). The defendant attempts to undermine this conviction by trying to demonstrate that the value of the property destroyed was less than $250 such that the defendant was subject to a lesser penalty. This reasoning is equally faulty since it was alleged in the state-court records that the value of the property exceeded $250; this was the crime charged and this was the crime to which the defendant pleaded

---

[1] On March 17, 2006, the defendant's attorney actually went into the Gloucester District Court and persuaded a state-court judge to change the disposition to 11 months *nunc pro tunc*. The judge reversed himself a few days later, leaving the original sentence intact. This course of conduct undercuts the defendant's current argument.

guilty.  This crime is considered a felony conviction under federal law since the penalty exceeded one year of imprisonment.  See G.L. ch. 266, §127.  The defendant cannot go behind the state-court records in an effort to demonstrate that the defendant really pleaded guilty to something else.  And he certainly cannot do it based on some document that is not part of the state-court records.  Finally, even assuming *arguendo* that the defendant is correct, and the case should be viewed as a misdemeanor, the case is still countable because it is not listed in § 4A1.2(c).  Misdemeanor cases not listed in that section count under the Sentencing Guidelines.  See U.S.S.G. §§ 4A1.1, 4A1.2(c), and 4A1.2(f).

   The government intends to introduce at the sentencing hearing copies of the state-court records for this prior case.  The records demonstrate that the defendant was represented by counsel and that the defendant had a colloquy with a judge and executed a written Waiver of Rights form before pleading guilty.  The state-court records demonstrate that the prior case is countable under the defendant's criminal history.  Accordingly,

the Probation Department has correctly calculated that the defendant falls within Criminal History Category II.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:  /s/Michael J. Pelgro
     Michael J. Pelgro
     Assistant U.S. Attorney

DATED:    April 25, 2006.

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that a paper copy will be sent to those indicated as non-registered participants on April 25, 2006.

 /s/Michael J. Pelgro
Michael J. Pelgro
Assistant U.S. Attorney

4