UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | CRIMINAL NO. 04-10288-RWZ |
| ) | |
| CARLOS ESPINOLA, ET AL.  ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT MATTHEW CREAM'S MOTION TO STRIKE GOVERNMENT'S OBJECTIONS AND TO PRECLUDE GOVERNMENT FROM PRESENTING EVIDENCE AT SENTENCING HEARING

Now comes the United States, by its attorneys, Michael J. Sullivan, United States Attorney, and David G. Tobin, Assistant U.S. Attorney, and hereby requests that this Honorable Court deny defendant Matthew Cream's Motion to Strike the Government's Objections to the Presentence Report.

In support of this request, the government avers the following:

**Presentence Report**

The Presentence Report, dated March 6, 2006, contained a detailed twenty-six page Offense Conduct section, which "was compiled from the statement of facts submitted by assistant United States Attorney David G. Tobin on March 11, 2005." The Offense Conduct section contains the following: "Baldassano commented that Cream was currently his "partner" with whom he "splits everything 50-50." This statement was made by Mr. Baldassano to an undercover officer on June 7, 2004 and was recorded. See Presentence Report at paragraph 74.

**Revised Presentence Report**

The United States notified United States Probation on April 10, 2006, that "Mr. Baldassano stated that Matthew Cream was his partner in the OxyContin distribution business 'ninety percent' of the time. As detailed above, Mr. Baldassano indicated that he received approximately 20,800 OxyContin pills from Mr. Espinola. Mr. Cream should be held responsible for ninety percent of that amount." The government's objection was properly noted in the Revised Presentence Report released by United States Probation on April 18, 2006. In the Revised Presentence Report, U.S. Probation Officer Tricia Marcy noted that the government's position is that Cream should be held responsible for ninety percent of 20,800 OxyContin pills. Probation Officer Marcy further noted "Co-defendant Joseph baldassano is cooperating with the United States and will be available to testify at the sentencing hearings for Cream and other co-defendants." See Revised Presentence Report at page 52.

**Indictment**

The defendant has been on notice since the indictment was returned by the grand jury on September 22, 2004, that the government was attempting to hold him responsible for a far greater amount of OxyContin than was involved in the two substantive counts in which he was named. The indictment's "Notice of Additional Factors" section contains the following

2

language," The defendant Matthew Cream is accountable for a quantity of oxycodone that, when converted to marijuana as provided by USSG §2D1.1 (drug equivalency table), is equivalent to at least 10,000 kilograms of marijuana but less than 30,000 kilograms of marijuana.  Accordingly, USSG §2D1.1(c)(2) applies to this defendant."

**Government's letter of March 28, 2005**

In a letter dated March 28, 2005, which responded to a defense discovery letter dated march 25, 2005, the government notified counsel for the defendant of the following: "Please be aware that the United states will seek to have your client sentenced on a quantity of oxycodone that, when converted to marijuana as provided by USSG § 2D1.1, is equivalent to at least 10,000 kilograms but less than 30,000 kilograms of marijuana."

**Defense Discovery Letter**

The Office of the United States Attorney received counsel's letter requesting information relative to Joseph Baldassano's testimony on Friday, April 20, 2006, at 4:22 p.m.  The undersigned became aware of the letter on Monday, April 24, 2006, and almost immediately began composing a response.  The response was completed and sent by facsimile to counsel later that afternoon.  The government's motion to continue sentencing was filed on April 20, 2006, before the undersigned knew of defense counsel's letter dated that same day.  The undersigned sought the

3

continuance in order to avoid duplicating Mr. Baldassano's testimony at the scheduled My 8, 2006 trial.

**Argument**

The defendant has been on notice since September 22, 2004, that the government would seek to have him held accountable for sentencing purposes for a quantity of oxycodone that when converted to its marijuana equivalent was between 10,000 and 30,000 kilograms of marajuana.  This results in a base offense level of 36.  The government's position on sentencing was reiterated in a letter to the defendant's counsel dated march 28, 2005.  Even the original Presentence Report put the defendant on notice that Mr. Baldassano had made statements that Cream was his "partner" in the OxyContin distribution business.[1]  The undersigned believes that prior to Mr. Cream's guilty plea, his counsel was fully aware that Mr. Baldassano was cooperating with the United States and would be available to testify against Mr. Cream.

The Court has great discretion with regard to accepting objections to the Presentence Report.  Federal Rule of Evidence 32(i)(1)(D) permits the Court to accept an objection to the Presentence Report "at any time before sentence is imposed."

---

[1] Mr. Baldassano's recorded statement to the undercover officer the Cream was his partner was provided to the defendant in the government's early discovery at the beginning of this case.

4

Also see <u>United States v. Young</u>, 140 F.3d 453, 457 (2d Cir. 1998)(sentencing court has authority to entertain untimely objections to PSR; and district court has an affirmative duty to ascertain the reliability and accuracy of the PSR).  The government's objections to the drug quantity specified in the first draft of the Presentence Report were properly included in the Revised Presentence Report.  Moreover, the defendant cannot claim to have been surprised by the government's attempts to hold him accountable for an amount of oxycodone resulting in a base offense level of 36, as he has been on notice of the government's intentions since September 22, 2004.

### Conclusion

For the reasons stated above, the united states respectfully requests that this Honorable court deny the defendant's motion.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By:/s/: *David G. Tobin*
>DAVID G. TOBIN
>Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 25, 2006.

>/s/: *David G. Tobin*
>DAVID G. TOBIN

5